**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar Javier NOLASCO-TELLEZ, Defendant-Appellant.**

**No. 15-50511**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Benjamin Holley, Helen H. Hong, Assistant U.S. Attorneys, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Kurt David Hermansen, Esquire, Law Office of Kurt David Hermansen, San Diego, CA, for Defendant-Appellant

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Oscar Javier Nolasco-Tellez appeals from the district court's judgment and challenges the 36-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nolasco-Tellez contends that the district court procedurally erred by failing to consider U.S.S.G. § 4A1.3. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The district court did not depart upward on the basis that Nolasco-Tellez's criminal history category was inadequate. Accordingly, section 4A1.3 was not a "pertinent policy statement" that the district court was required to consider under 18 U.S.C. § 3553(a)(5).

Nolasco-Tellez next contends that the district court erred under Federal Rule of. Criminal Procedure 32(h) by imposing an above-Guidelines sentence without providing prior notice. Contrary to Nolasco-Tellez's contention, the record reflects that the district court imposed an upward variance based on the 18 U.S.C. § 3553(a) factors. Accordingly, the district court was not required to provide notice under Rule

32(h). *See United States v. Moschella*, 727 F.3d 888, 893 (9th Cir. 2013) ("A district court is not required under Rule 32(h) to give advance notice before imposing a sentence outside of the advisory guideline range if the sentence is the result of a variance.").

Finally, Nolasco-Tellez contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Nolasco-Tellez's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Nolasco-Tellez's criminal and immigration history as well as his failure to be deterred by prior sentences. *See United States v. Burgos–Ortega*, 777 F.3d 1047, 1056–57 (9th Cir. 2015).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.